```
1   Hyung S. Choi, State Bar 015669
2   Veronika Fabian, State Bar 018770
    CHOI & FABIAN, PLC
3   1423 S. Higley Rd., Suite 110
4   Mesa, Arizona 85206
    tel: (480) 517-1400
5   fax: (480) 517-6955
6   hyung@choiandfabian.com
    veronika@choiandfabian.com
7    Attorneys for Plaintiff
8
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jin Hyun Kim, | NO. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| TCM Financial Services, LLC, | |
| Defendant. | |

## INTRODUCTION

1. Defendant is reporting a $600,000.00 judgment arising out of an automobile accident in California on Plaintiff's credit report. Plaintiff was never in an automobile accident in California and no judgment was ever entered against him. Despite multiple notices, Defendant continues to verify the alleged debt as Plaintiff's debt. Defendant also impermissibly accessed Plaintiff's credit report in violation of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.*, ("FCRA"). *See Pintos v Pacific Creditors Association*, 504 F.3d 792 (9th Cir.

2007). Plaintiff brings this action for declaratory judgment and for damages based upon Defendant's violations of FCRA and Arizona's Consumer Reporting Agency Act, A.R.S. § 44-1691, *et seq*.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the FCRA, 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff Jin Hyun Kim ("Kim") is a natural person residing in Maricopa County, Arizona.

4. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

5. Defendant TCM Financial Services, LLC ("TCM") is a California limited liability company.

6. TCM is a nationwide debt collection agency specializing in recovery of consumer and commercial debt.

## FACTUAL ALLEGATIONS

**TCM Is Reporting an Alleged Debt, Which Does Not Belong to Kim**

7. On September 29, 2008, Kim became aware that TCM was reporting a derogatory item on his credit report as prepared by Experian Information Solutions ("Experian"). (A redacted copy of Kim's Experian credit report is attached as Exhibit A).

8. TCM was reporting an amount past due of $591,217 as of September of 2008.

9. Kim had no idea what the debt was for and was certain that he had not incurred such a large debt without realizing it.

10. The TCM item did not appear on Kim's Equifax or TransUnion reports.

11. Consequently, Kim sent a written dispute to Experian disputing the item.

12. Upon information and belief, Experian forwarded the dispute to TCM.

13. TCM did not conduct a reasonable investigation of Kim's dispute.

14. Instead, TCM verified that the item was accurate.

15. On October 30, 2008, Experian responded to Kim with the results of its investigation, stating that the outcome was: "Remains." (A redacted copy of the Experian results is attached as Exhibit B).

16. Experian, in its summary of its investigation, also stated "please contact credit grantor at 5629422828."

17. Kim telephoned the number provided and spoke with an "agent" by the name of Ron Brown at TCM.

18. Mr. Brown informed Kim that the derogatory item corresponded with a judgment in the amount of $591,217 resulting from an automobile accident that occurred in California.

19. Kim informed Mr. Brown that he was never involved in an automobile accident in California and requested that Mr. Brown remove it from his credit report.

20. Mr. Brown refused to cooperate and wanted to start negotiations for payment arrangements.

21. On December 5, 2008, Kim again requested that Experian investigate the matter based on the new information that he had received from TCM. (A redacted copy of Kim's second dispute letter is attached as Exhibit C).

22. Kim pointed out that Experian was not showing any judgments recorded against Kim in California.

23. Upon information and belief, Experian forwarded Kim's dispute to TCM.

24. Upon information and belief, TCM did not conduct a reasonable investigation.

25. Instead, TCM verified that the item was correct to Experian.

26. On December 17, 2008, Experian sent Kim the results of its investigation of his dispute. (An excerpt from the results of Experian's investigation is attached as Exhibit D).

27. The TCM item had been modified to show an increased balance of $624,994 past due as of November of 2008.

28. On February 17, 2009, TCM's attorney John Davies sent a letter to Kim threatening "a suit being filed against you on behalf of TCM Financial Services." (A copy of the letter is attached as Exhibit E).

29. On February 18, 2009, Kim applied for an auto loan from Desert Schools Federal Credit Union ("DSFCU").

30. In connection with that loan application, DSFCU pulled Kim's Experian credit report.

31. On February 18, 2009, DSFCU sent Kim a letter declining his application for an automobile loan. (A copy of that letter is attached as Exhibit F)

32. In that letter, DSFCU stated that it was declining his application for credit because of a "major derogatory credit history on credit bureau" and "Unacceptable on-line credit bureau score."

33. Upon information and belief, the major derogatory item was the TCM item.

34. Kim has not applied for any further loans because he is afraid he will be turned down.

35. Kim would like to purchase a house taking advantage of the low prices and low interest rates, but is unable to do so because of the TCM item.

**Impermissible Pulls**

36. On April 15, 2008, TCM obtained a copy of Kim's credit report from Experian in connection with its attempt to collect the alleged debt.

37. TCM certified to Experian that it had a permissible purpose for obtaining a copy of Kim's credit report.

38. On September 11, 2008, TCM obtained another copy of Kim's credit report from Experian.

39. TCM certified to Experian that it had a permissible purpose for obtaining a copy of Kim's credit report.

40. Under the FCRA, debt collection is a permissible purpose for obtaining a credit report only in connection with a "credit transaction" in which a consumer had participated directly and voluntarily. 15 U.S.C. §1681b(a)(3).

41. Under the FCRA, "credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

42. The alleged debt, which TCM was and is collecting, arose out of an automobile accident.

43. The alleged debt, which TCM was and is collecting, is not a credit transaction as defined by the FCRA.

44. Thus, TCM did not have a permissible purpose for obtaining Kim's credit report.

45. TCM improperly certified to Experian that it had a permissible purposes for obtaining Kim's credit report.

**COUNT I: DECLARATORY ACTION**

46. Kim was never involved in an automobile accident in California.

47. No judgment was ever entered against Kim relating to an automobile accident.

48. Thus, Kim is entitled to declaratory relief that he owes TCM nothing for this alleged debt.

49. Kim seeks declaratory relief that the TCM item be removed from his credit report in its entirety.

50. Kim seeks declaratory relief that TCM not attempt to collect this alleged debt any further.

**COUNT II: VIOLATION OF FAIR CREDIT REPORTING ACT,
15 U.S.C.§1681s-2(b)(1)**

51. Upon receiving notice of Kim's disputes from Experian, TCM failed to reasonably investigate those disputes in violation of FCRA. 15 U.S.C.§1681s-2(b)(1).

52. TCM knowingly and intentionally failed to investigate those disputes in conscious disregard for the rights of Kim.

53. TCM willfully and/or negligently violated the provisions of the FCRA.

54. As a result of TCM's violation of the FCRA, Kim suffered damages in an amount to be determined by this Court.

55. Kim is therefore entitled to recover actual or statutory damages, and punitive damages, attorney's fees and costs. 15 U.S.C. § 1681n(a).

**COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT,
FCRA §§ 1681b(f) and 1681q**

56. TMC did not have a permissible purpose when it pulled Kim's credit report in April of 2008. 15 U.S.C. §1681b(a)(3).

57. TMC did not have a permissible purpose when it pulled Kim's credit report in September of 2008. 15 U.S.C. §1681b(a)(3).

58. TCM knowingly and willfully obtained Kim's credit reports under false pretenses in violation of FCRA §§ 1681b(f) and 1681q.

59. TCM willfully and/or negligently violated the provisions of the FCRA.

60. As a result of TCM's violations of the FCRA, Kim suffered damages in an amount to be determined by this Court.

61. Kim is therefore entitled to recover actual or statutory damages, and punitive damages, attorney's fees and costs. 15 U.S.C. § 1681n(a).

## COUNT IV: VIOLATION OF ARIZONA'S CONSUMER REPORTING AGENCY ACT, A.R.S. § 44-1691, *et seq*

62. TMC did not have a permissible use when it obtained Kim's credit report in April of 2008. A.R.S. § 44-1692.

63. TMC did not have a permissible use when it obtained Kim's credit report in September of 2008. A.R.S. § 44-1692.

64. TCM acted grossly negligent in obtaining and using Kim's credit reports obtained in April and September of 2008.

65. Kim is therefore entitled to recover actual damages, punitive damages, attorney's fees and costs. A.R.S. § 44-1695.

## JURY DEMAND

66. Kim demands a jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendant:

      a)    Actual damages;

      b)    Punitive damages;

      c)    Attorney's fees; and

      d)    Costs.

RESPECTFULLY SUBMITTED April 9, 2009.

                                  CHOI & FABIAN, PLC

                                  Hyung S . Choi /s/
                                  Hyung S. Choi
                                  Veronika Fabian
                                  Attorneys for Plaintiff